UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE



| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : No. 1:09-CV-361 (GMS) |
| PAWEL P. DYNKOWSKI,<br>RICHARD A. BAILEY,<br>MATTHEW W. BROWN,<br>JACOB CANCELI,<br>GERARD J. D'AMARO,<br>GARY C. HEATH,<br>JOSEPH MANGIAPANE JR.,<br>NATHAN M. MICHAUD,<br>MARC J. RIVIELLO,<br>ADAM S. ROSENGARD, AND<br>FLORIAN R. TERNES, | : **JURY TRIAL DEMANDED** |
| **Defendants.** | : |

### ANSWER

Defendant, Gary C. Heath, answers the above Amended Complaint as follows. Paragraph numbers in the answer correspond to the numbers in the Amended Complaint. Defendant denies each and every allegation in the Amended Complaint unless treated otherwise herein.

### SUMMARY OF CASE

1. The Defendant has no knowledge of a ring of serial penny stock manipulators; and therefore, denies the allegation. The defendant denies participation in "one or more" of the alleged frauds; and therefore, denies the

1

allegation.  The defendant has no knowledge of alleged fraudulent proceeds totaling move than $6.2 million; and therefore, denies the allegation.

   2.   The defendant has no knowledge of alleged manipulative trading outlined in this paragraph; and therefore, denies the allegation.

   3.   The defendant has no knowledge of an alleged pump-and-dump scheme; and therefore, denies the allegation.  The defendant has no knowledge of the sale or transfer of GH3 issued unrestrictive stock after the stock was transferred, (DWAC, Direct Withdrawal at Custodian), by Transfer Online, GH3's transfer agent, to Canceli; and therefore, denies the allegation and implication of any involvement in a pump-and-dump scheme.  The defendant admits and confirms the stock subscriptions for 312,000,000 shares of occurred from October 30, 2006 to December 12, 2006.  The defendant has no knowledge of Dynkowski allegeable dumping the stock that was sold to Canceli; and therefore, denies the allegation and implication of any involvement in a pump-and-dump scheme.  The defendant has no knowledge of "total proceeds of $747,609"; and therefore, denies the allegation.

   4.   The defendant has no knowledge of an alleged Asia Global pump-and-dump scheme outlined in this paragraph; and therefore, denies the allegation.

   5.   The defendant has no knowledge of an alleged Playstar pump-and-dump scheme outlined in this paragraph; and therefore, denies the allegation.

   6.   The defendant has no knowledge of an alleged Xtreme Motorsports pump-and-dump scheme outlined in this paragraph; and therefore, denies the allegation.

7. The defendant has no knowledge of any alleged securities laws violated as outlined in this paragraph; and therefore, denies the allegation.

8. The defendant has no knowledge of alleged violations outlined in this paragraph that would result in this defendant being "permanently enjoined from violating the securities laws" or resulting in any "monetary payments of any kind"; and therefore, denies the allegation.

9. The defendant has no knowledge of the other defendants' actions in regard to any alleged violation of security laws; and therefore, denies the allegation. The defendant has no knowledge of personally violating security laws; and therefore, denies the allegation.

## JURISDICTION

10., 11., and 12. The defendant has no knowledge of the appropriate jurisdiction regarding the Amended Complaint; and therefore, denies any allegations.

## DEFENDANTS

13., 15., 17., 19., 20., 21., and 22. The defendant does not know the individuals reference and has no knowledge of any of there actions or activities; and therefore, denies any allegations concerning the individuals.

14. and 23. This defendant knows both of these individuals and acknowledges that they are included in the Amended Complaint as defendants. This defendant has the highest regard for their personal integrity and respects them as honorable persons; and therefore, denies any allegations of wrong doing or

inappropriateness as referenced in 1., 2., 3., 7., 10. and 33. through 46., through any associations, dealings, or involvements with the two defendants.

16. This defendant has had written and verbal communications with the person listed in paragraph 16. This defendant acknowledges that Canceli is included in the Amended Complaint as a defendant. This defendant has no knowledge of Canceli's actions or activities in regard to any alleged violation of security laws; and therefore, denies any allegations of wrong doing or inappropriateness as referenced in 1., 2., 3., 7., 10. and 33. through 46., through any associations, dealings, or involvements with Canceli.

18. The defendant agrees that he is in fact Gary C. Heath. The defendant agrees that he is a resident of Mesa, Arizona and further confirms that he is a citizen of The United States of America. The defendant agrees that he owns and is the Sole Director and President of High Plains Enterprises, Inc., a Minnesota corporation; and, that High Plains Enterprises, Inc. is not currently an operating company.

## OTHER RELEVANT ENTITIES

24. The defendant agrees that GH3 International, Inc. is a Nevada corporation. The defendant agrees that GH3 was marketing anti-aging products. The defendant agrees that GH3 was quoted on the Pink Sheets and trading under the GHTI symbol. The defendant does not have sufficient knowledge of all the stock that GH3 has issued and is outstanding; and therefore, denies any allegation or

implication that unregistered stock or the stock that GH3 has issued violates any statute or law.

25. The defendant has no knowledge the entity Asia Global Holdings, Inc.; and therefore, denies any allegation in connection to the entity.

26. The defendant has no knowledge the entity Playstar Corp.; and therefore, denies any allegation in connection to the entity.

27. The defendant has no knowledge the entity Xtreme Motorsports of California, Inc.; and therefore, denies any allegation in connection to the entity.

28. The defendant has no knowledge the entity AIS Financial, Inc.; and therefore, denies any allegation in connection to the entity.

29. The defendant agrees that High Plains Enterprises, Inc. is a Minnesota corporation and that the Defendant is its Sole Director and President and owns all the stock in the corporation; and, High Plains Enterprises, Inc. is currently not an operating company.

30. The defendant has no knowledge the entity Market Solutions Limited, Inc.; and therefore, denies any allegation in connection to the entity.

31. The defendant has no knowledge the entity W.S. Trading, Inc.; and therefore, denies any allegation in connection to the entity.

32. The defendant has no knowledge the entity Tetrix Financial; and therefore, denies any allegation in connection to the entity.

## FACTS

### GH3 International, Inc.

33. The defendant agrees that GH3 International, Inc. is a Nevada corporation. The defendant agrees that GH3 was marketing anti-aging products. The defendant has no knowledge of an alleged pump-and-dump scheme; and therefore, denies the allegation. The defendant admits and confirms the stock subscriptions for 312,000,000 shares of occurred from October 30, 2006 to December 12, 2006. The defendant has no knowledge of "generated fraudulent proceeds of $747,609"; and therefore, denies the allegation. The defendant has no knowledge of any meetings, agreements, or pump-and-dump schemes; and therefore, denies the allegations.

34. The defendant has no knowledge of alleged manipulative trading outlined in this paragraph; and therefore, denies the allegation.

35. The defendant has no knowledge of alleged stock manipulation outlined in this paragraph; and therefore, denies the allegation.

36. The defendant admits and confirms the stock subscriptions for 312,000,000 shares of occurred from October 30, 2006 to December 12, 2006, from GH3 to High Plains Enterprises, Inc. The defendant admits and confirms the stock sales agreements for 312,000,000 shares of occurred from December 4, 2006 to December 12, 2006, from High Plains Enterprises, Inc. to Canceli. The defendant admits and confirms the following: 6 transactions for 52,000,000 each was transferred from High Plains Enterprises, Inc. to Canceli's designated stock

brokerage accounts via DWAC from Transfer Online, GH3's transfer agent. The first transaction was DWAC on December 4, 2006, to Bishop, Rosen & Co., clearing firm First Clearing LLC; the second transaction was DWAC on December 8, 2006, to Spartan Securities Group Ltd, clearing firm Pension Financial Services; the third transaction was DWAC on December 12, 2006, to Bishop, Rosen & Co., clearing firm First Clearing LLC; the fourth transaction was DWAC on December 12, 2006, to Spartan Securities Group Ltd, clearing firm Pension Financial Services; the fifth transaction was DWAC on December 12, 2006, to Bishop, Rosen & Co., clearing firm First Clearing LLC; the sixth transaction was DWAC on December 12, 2006, to Spartan Securities Group Ltd, clearing firm Pension Financial Services. I admit I knew Flo Ternes before these transactions. The defendant has no idea what is alleged by the words, "Bailey and" mean; and, it appears someone of the Plaintiff's attorneys or staff needs to proof read Complaints and Amended Complaints before they are filed; the Amended Complaint that I received has "Bailey and" at the bottom of page 8; and also, the filed copy accessed through the Pacer system has the identical error; the reference on Pacer is "Case 1:09-cv-00361-GMS Document 9 Filed 03/25/10 Page 8 of 23"; and therefore, the defendant denies the allegation.

    37.    The defendant confirms that six transactions occurred. Please refer to 36. The defendant denies that the transactions were not subject to a valid exemption from registration. The defendant further denies that they were sham transactions. The defendant denies that there was any attempt to evade the law

and the transactions were lawful. The defendant was aware that the shares sold to Canceli would be sold into the public market or to someone.

38. The defendant has no knowledge of alleged manipulative trading outlined in this paragraph; and therefore, denies the allegations.

39. The defendant has no knowledge of alleged manipulative trading outlined in this paragraph; and therefore, denies the allegations.

40. The defendant has no knowledge of alleged manipulative trading outlined in this paragraph; and therefore, denies the allegations.

41. The defendant has no knowledge of alleged manipulative trading, press releases, pump-and-dump outlined in this paragraph; and therefore, denies the allegations.

42. The defendant has no knowledge of alleged manipulative trading, press releases, pump-and-dump outlined in this paragraph; and therefore, denies the allegations.

43. The defendant has no knowledge of allegations outlined in this paragraph; and therefore, denies the allegations.

44. The defendant has no knowledge of allegations outlined in this paragraph; and therefore, denies the allegations.

45. The defendant has no knowledge of a "scheme"; and therefore, denies the allegations. The defendant further denies dividing any "illicit" proceeds; and therefore, denies the allegations. The defendant has no knowledge of allegations to launder money as outlined in this paragraph; and therefore, denies the allegations.

46. The defendant has no knowledge of the disposition of the stock sold to Canceli; and therefore, denies the allegations. The defendant denies that the stock "were not subject to a valid exemption from registration". The defendant admits that 988 million shares of GHTI were subscribed to and purchased by High Plains Enterprises, Inc. The defendant admits that the 988 million shares of GHTI stock were sold by stock sales agreements or transferred to other entities or individuals. The defendant denies the statement "through Gary Heath and entities that he owned or controlled." The defendant admits that the portion of GHTI stock that was sold that the defendant had knowledge of, that the price was very low per share. The defendant doesn't have enough information to confirm the statement "realizing approximately an additional $272,000 in proceeds"; and therefore, denies the allegations. The defendant admits that High Plains Enterprises, Inc. paid to GH3 $265,200 from December 18, 2006 to April 27, 2007. The defendant doesn't have enough information to confirm the statement "Heath gave approximately $130,000 of this money to GH3 and kept the rest for himself"; and therefore, denies the allegations.

## Asia Global Holdings, Inc.

47. through 61. The defendant has no knowledge of an alleged Asia Global pump-and-dump scheme outlined in these paragraphs; and therefore, denies the allegations.

### Playstar Corp.

62. through 67.   The defendant has no knowledge of an alleged Playstar Corp. pump-and-dump scheme outlined in these paragraphs; and therefore, denies the allegations.

### Xtreme Motorsports Of California, Inc.

68. through 71.   The defendant has no knowledge of an alleged Xtreme Motorsports Of California, Inc. pump-and-dump scheme outlined in these paragraphs; and therefore, denies the allegations.

### FIRST CLAIM

### Violations of Section 17(a) of the Securities Act

(Defendants Dynkowski, Bailey, Brown, Canceli, D'Amaro, Mangiapane, Michaud, Riviello, and Ternes)

72. through 74.   The defendant has no knowledge of alleged manipulative trading outlined in this paragraph; and therefore, denies the allegation.

### SECOND CLAIM

### Violations of Exchange Act Section 10(b) and Rule 10b-5 Thereunder

(Defendants Dynkowski, Bailey, Brown, Canceli, D'Amaro, Mangiapane, Michaud, Riviello, and Ternes)

75. through 77.   The defendant has no knowledge of alleged manipulative trading outlined in these paragraphs; and therefore, denies the allegations.

### THIRD CLAIM

### Violations of Sections 5(a) and (c) of the Securities Act

(Defendants Dynkowski, Bailey, Brown, Canceli, D'Amaro, Heath, Mangiapane, Riviello, Rosengard, and Ternes)

78. through 80.    In regard to the other defendants reference in these paragraphs this defendant has no knowledge of their alleged actions and involvements; and therefore, denies the allegations.  This defendant has no knowledge of violations of the Security Act or the Exchange Act or United States Code, Title 15, 77c, as referenced in the above paragraphs and affirms a defense that the stock issued by GH3 in fact was exempt from registration as referenced in the Security Act or the Exchange Act or United States Code; and therefore, denies the allegations and implied allegations; therefore, the statement, "and unless restrained and enjoined will continue to violate" this defendant denies the applicability of the statement when no violation occurred.

## FOURTH CLAIM

### Violations of Exchange Act Section 13(d) and Rules 13d-1 and 13d-2 Thereunder

### (Defendants Dynkowski and Brown)

81. through 86.    The defendant has no knowledge of alleged manipulative trading outlined in these paragraphs; and therefore, denies the allegations.

### PRAYER FOR RELIEF

### In Answering Requests Enumerated in the Amended Complaint

a), b), c), e), f), i),    The defendant has no knowledge of alleged requests outlined in these items; and therefore, denies any allegations.

d), g), h), and j)    The defendant denies the violations of the Securities Act referencing various Sections listed in these items; and therefore, the defendant

denies any request to prohibit future conduct, pay civil penalties, or the payment of funds for any purpose; and therefore, the defendant denies any allegations.

    k)    The defendant relies on this court to do what it deems just and proper.

## AFFIRMATIVE DEFENSES

The defendant relied on GH3's legal opinion from their attorney accepted by the transfer agent that issued the common stock that was issued exempt from registration. It is reasonable to rely on legal opinions and legal advice in conducting business. As I conducted my activities with officers of GH3, the individuals that I interacted with did everything in an appropriate, professional, and reasonable manner. I have previously communicated all of this to Shannon Hanson, U.S. Attorney's Office and her team for approximately 5 hours before testifying before the Grand Jury convened regarding the GH3 transactions referenced herein. I provided thousands of documents that were copied that specifically documented every aspect of the GH3 transactions. I specifically created the spreadsheet that outlined every transaction; and, the spreadsheet became the focal point during the Grand Jury testimony and was entered into evidence. I have assisted the U.S. Attorney's Office in every way that I was requested. I previously have written the Securities and Exchange Commission on or about February 22, 2008, and stated, "I will never be involved in any way in a 504 stock offering in any state the remainder of my life"; and, I have not been involved in any aspect of the issuance or helping issue stock; and, I have even changed occupations. Shannon Hanson received a

copy of that letter.  Everything I did was done in good faith; using my best judgment and understanding; and, relying on legal advice and opinions of attorneys.

## PRAYER FOR RELIEF

The defendant denies each and every allegation in the Amended Complaint unless treated otherwise herein.  The defendant asks the court for the following:

    A.    To dismiss this defendant from the Amended Complaint with Prejudice.

    B.    Award this defendant his attorney's fees, costs, and interest.

    C.    Award other relief that this court deems appropriate.

DATE:    June 16, 2010    Respectfully submitted,

*[signature: Gary C Heath]*

Gary C. Heath

## MAILING

I, Gary C. Heath, mailed this Answer to the Amended Complaint this 16th day of June, 2010 to:

| | |
|---|---|
| **Shannon Thee Hanson, and** | **Paul W. Kisslinger,** |
| **Seth Madison Beausang** | **Frederick L. Black,** |
| U.S. Attorney's Office | **Anthony R. Petrilla,** |
| The Nemours Building | **Robert B. Kaplan, and** |
| 1007 Orange Street, Suite 700 | **Brian O. Quinn** |
| P.O. Box 2046 | U.S. Securities and Exchange |
| Wilmington, DE 19899-2046 | Commission – Washington DC |
| | 100 F Street NE |
| | Washington, DC 20549 |

**Gary Heath**

**From:** USPS_Shipping_Services@usps.com
**Sent:** Wednesday, June 16, 2010 4:39 PM
**To:** gary.heath@t-kfs.com
**Subject:** Click-N-Ship(R) Payment Confirmation

Acct #: 35182006

Dear GARY C HEATH:

This is an email confirmation for your order of 1 online shipping label(s) with postage. Your credit card will be charged the following amount:

Transaction Number: 171137921
Print Date/Time: 06/16/2010 03:17 PM CDT
Postage Amount: $4.75
Credit Card Number: XXXX XXXX XXXX 3631

Delivery Confirmation™ # 9405 5036 9930 0263 6003 12 (Sequence Number 1 of 1)

Shipped to:   PAUL KISSLINGER
SECURITIES EXCHANGE COMMISSION
DIVISION OF ENFORCEMENT
100 F STREET NE, 4TH FLOOR SP!
WASHINGTON DC 20549-0001

For further information, please log on to www.usps.com/clicknship and go to your Shipping History or visit our Frequently Asked Questions.

Refunds for unused postage-paid labels can be requested online up to 10 days after the print date by logging on to your Click-N-Ship Account.

Thank you for choosing the United States Postal Service

**Click-N-Ship: The Online Shipping Solution**

Click-N-Ship has just made on line shipping with the USPS even better.

New Enhanced International Label and Customs Form: Updated Look and Easy to Use!

* * * * * * * *

This is a post-only message. Please do not respond.

**14**

6/16/2010

**Gary Heath**

| | |
|---|---|
| **From:** | U.S._Postal_Service_ [U.S._Postal_Service@usps.com] |
| **Sent:** | Friday, June 18, 2010 10:04 AM |
| **To:** | gary2010@garycheath.com |
| **Subject:** | USPS Shipment Info for 9405 5036 9930 0263 6180 89 |

This is a post-only message. Please do not respond.

GARY C HEATH has requested that you receive a Track & Confirm update, as shown below.

Track & Confirm e-mail update information provided by the U.S. Postal Service.

Label Number: 9405 5036 9930 0263 6180 89

Service Type: Priority Mail Delivery Confirmation

```
Shipment Activity            Location                                      Date & Time
-----------------------------------------------------------------------------------
Delivered                    WASHINGTON DC 20013                           06/18/10   9:51am

Arrival at Post Office       WASHINGTON DC 20002                           06/18/10   9:51am

Processed through Sort       PHOENIX AZ 85043                              06/16/10   8:34pm
Facility

Electronic Shipping          GILBERT AZ 85299                              06/16/10   3:57pm
Info Received
```

Reminder: Track & Confirm by email

Date of email request:  06/16/10

Future activity will continue to be emailed for up to 2 weeks from the Date of Request shown above. If you need to initiate the Track & Confirm by email process again at the end of the 2 weeks, please do so at the USPS Track & Confirm web site at http://www.usps.com/shipping/trackandconfirm.htm

-----------------------------------------------------------------------------

USPS has not verified the validity of any email addresses submitted via its online Track & Confirm tool.


For more information, or if you have additional questions on Track & Confirm services and features, please visit the Frequently Asked Questions (FAQs) section of our Track & Confirm site at http://www.usps.com/shipping/trackandconfirmfaqs.htm

**Gary Heath**

**From:** USPS_Shipping_Services@usps.com
**Sent:** Wednesday, June 16, 2010 4:39 PM
**To:** gary.heath@t-kfs.com
**Subject:** Click-N-Ship(R) Payment Confirmation

Acct #: 35182006

Dear GARY C HEATH:

This is an email confirmation for your order of 1 online shipping label(s) with postage. Your credit card will be charged the following amount:

Transaction Number: 171137921
Print Date/Time: 06/16/2010 03:17 PM CDT
Postage Amount: $4.75
Credit Card Number: XXXX XXXX XXXX 3631

Delivery Confirmation™ # 9405 5036 9930 0263 6003 12 (Sequence Number 1 of 1)

Shipped to:  PAUL KISSLINGER
SECURITIES EXCHANGE COMMISSION
DIVISION OF ENFORCEMENT
100 F STREET NE, 4TH FLOOR SP!
WASHINGTON DC 20549-0001

For further information, please log on to www.usps.com/clicknship and go to your Shipping History or visit our Frequently Asked Questions .

Refunds for unused postage-paid labels can be requested online up to 10 days after the print date by logging on to your Click-N-Ship Account.

Thank you for choosing the United States Postal Service

**Click-N-Ship: The Online Shipping Solution**

Click-N-Ship has just made on line shipping with the USPS even better.

New Enhanced International Label and Customs Form: Updated Look and Easy to Use!

* * * * * * * *

This is a post-only message. Please do not respond.

16

6/16/2010

**Gary Heath**
---

| | |
|---|---|
| From: | U.S._Postal_Service_ [U.S._Postal_Service@usps.com] |
| Sent: | Thursday, June 24, 2010 2:44 PM |
| To: | gary2010@garycheath.com |
| Subject: | USPS Shipment Info for 9405 5036 9930 0263 6003 12 |

This is a post-only message. Please do not respond.

GARY C HEATH has requested that you receive a Track & Confirm update, as shown below.

Track & Confirm e-mail update information provided by the U.S. Postal Service.

Label Number: 9405 5036 9930 0263 6003 12

Service Type: Priority Mail Delivery Confirmation

| Shipment Activity | Location | Date & Time |
|---|---|---|
| Delivered | WASHINGTON DC 20549 | 06/24/10 11:06am |
| Notice Left | WASHINGTON DC 20549 | 06/24/10 10:24am |
| Sorting Complete | WASHINGTON DC 20022 | 06/24/10 10:00am |
| Arrival at Unit | WASHINGTON DC 20022 | 06/24/10  8:52am |
| Processed through Sort Facility | CAPITOL HEIGHTS MD 20790 | 06/18/10  3:54am |
| Processed through Sort Facility | PHOENIX AZ 85043 | 06/16/10  8:37pm |
| Electronic Shipping Info Received | GILBERT AZ 85299 | 06/16/10  3:42pm |

Reminder: Track & Confirm by email

Date of email request:  06/16/10

Future activity will continue to be emailed for up to 2 weeks from the Date of Request shown above. If you need to initiate the Track & Confirm by email process again at the end of the 2 weeks, please do so at the USPS Track & Confirm web site at http://www.usps.com/shipping/trackandconfirm.htm

---

USPS has not verified the validity of any email addresses submitted via its online Track & Confirm tool.

For more information, or if you have additional questions on Track & Confirm services and features, please visit the Frequently Asked Questions (FAQs) section of our Track & Confirm site at http://www.usps.com/shipping/trackandconfirmfaqs.htm

