# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : Case No. 1:09-cv-361 |
| PAWEL P. DYNKOWSKI, *et al.*, | : |
| Defendants. | : |

## [PROPOSED] FINAL JUDGMENT AS TO PAWEL P. DYNKOWSKI

WHEREAS, the Court entered an Entry of Judgment against Defendant Pawel P. Dynkowski ("Defendant") on June 24, 2015 [D.I. No. 75]; and WHEREAS, the Court has reviewed Plaintiff Securities and Exchange Commission's (the "Commission") Motion For Default Judgment Against Defendant Pawel P. Dynkowski ("Defendant"), all supporting documents, and all opposition thereto, and based on the evidence and authorities presented therein, hereby finds and orders as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [*15 U.S.C. § 78j(b)*] and Rule 10b-5 promulgated thereunder [*17 C.F.R. § 240.10b-5*], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [*15 U.S.C. § 77q(a)*] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [*15 U.S.C. § 77e*] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [*15 U.S.C. § 77h*].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(d) of the Exchange Act [*15 U.S.C. § 78m(d)*] and Rules 13d-1 and 13d-2 thereunder [*17 C.F.R. §§ 240.13d-1 and 240.13d-2*], by, among other things, failing to file, filing in an untimely manner, or filing inaccurate information in statements with the Commission regarding ownership of an issuer's securities that are registered pursuant to Section 12 of the Exchange Act [*15 U.S.C. § 78l*].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [*17 C.F.R. 240.3a51-1*].

VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,068,934 representing profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $447,803.57, and a civil penalty in the amount of $1,068,934, pursuant to Section 21(d)(3)(B) of the Securities Exchange Act of 1934 [*15 U.S.C. § 78u(d)(3)(B)*] and Section 20(d) of the Securities Act of 1933 [*15 U.S.C. § 77t(d)*]. Defendant shall satisfy this obligation by paying $1,516,737.57 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment. Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant also may pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

   Enterprise Services Center
   Accounts Receivable Branch
   6500 South MacArthur Boulevard
   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Pawel P. Dynkowski as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: August 31 2015

UNITED STATES DISTRICT JUDGE