IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSEPH MANGIAPANE JR., )<br>)<br>Defendant. ) | Civ. No. 09-361-JFB |

**FINAL JUDGMENT AS TO JOSEPH MANGIAPANE, JR.**

At Wilmington this 14th day of June, 2018:

WHEREAS, on June 14, 2018, Plaintiff, Securities and Exchange Commission ("SEC" or the "Commission") and Defendant, Joseph Mangiapane, Jr. ("Mr. Mangiapane") entered the Consent of Mr. Mangiapane (D.I. 192-1), and

WHEREAS, Mr. Mangiapane consents to entry of Final Judgment (*id.* at ¶ 2; *see also* D.I. 192-2),

IT IS ORDERED that:

1. Mr. Mangiapane is permanently restrained and enjoined from violating Section 17(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a)(3), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to engage in any transaction, practice, or

course of business which operates or would operate as a fraud or deceit upon the purchaser;

 2. Mr. Mangiapane is permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

  a. Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

  b. Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

  c. Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

 3. Mr. Mangiapane is liable for disgorgement of $26,000, representing profits gained as a result of the conduct alleged in the Complaint and a civil penalty in the amount of $26,000 pursuant to Section 20(d) of the Securities Act,

15 U.S.C. § 77t(d). Defendant shall satisfy this obligation by paying $52,000 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth below

    4. Mr. Mangiapane may pay the Commission in any of the following manners:

    a. Electronic payment—the SEC will provide detailed ACH transfer/Fedwire instructions upon request;

    b. Direct payment from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm; or

    c. By certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Joseph Mangiapane, Jr. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment;

    5. Mr. Mangiapane shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action;

    6. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury;

7.  Mr. Mangiapane shall pay the total of disgorgement and penalty due of $52,000 in five (5) installments to the Commission according to the following schedule:  (1) $10,000 within 14 days of entry of this Final Judgment; (2) $10,500 on or before July 1, 2018, (3) $10,500 on or before October 1, 2018, (4) $10,500 on or before January 1, 2019, and (5) $10,500 on or before April 1, 2019. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Mr. Mangiapane shall contact the staff of the Commission for the amount due for the final payment;

8.  If Mr. Mangiapane fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court; and

9.  The Clerk of Court is directed to enter Final Judgment in favor of the SEC and against Mr. Mangiapane.

_____
Senior United States District Judge